UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RPM FREIGHT SYSTEMS, LLC,

Plaintiff,

v.

SVB EXPRESS, INC.,

Defendant.
______________________________/

Case No. 24-11215

Hon. F. Kay Behm

OPINION AND ORDER DENYING MOTION
TO VACATE JUDGMENT (ECF No. 30)

I. PROCEDURAL HISTORY

Plaintiff RPM Freight Systems, LLC, brought this case against SVB Express, Inc., alleging claims of breach of contract, declaratory relief, and unjust enrichment. Plaintiff is a freight broker who acts as an intermediary between shippers and motor carriers, and Defendant is a motor carrier who transports cargo. In 2018, the parties entered into a Broker-Carrier Agreement, in which Defendant agreed to move cargo for clients obtained by RPM. (ECF No. 20-2).

Pursuant to the parties' Agreement, Defendant picked up Tesla lithium batteries from Sparks, Nevada, for delivery to Calistoga, California. The SVB

truck carrying the batteries was in an accident on December 8, 2021, resulting in irreparable damage to the cargo. The truck stopped suddenly and then lost its load; according to the police report, the load was not properly secured. ECF No. 20-4. Based upon a demand from Tesla, Plaintiff paid $765,016.80 to reimburse it for the damaged batteries. Plaintiff had sought payment from Defendant under the indemnification clause in the Agreement, which was denied. Defendant's insurance carrier similarly denied liability.

The court granted Plaintiff's motion for partial summary judgment on its breach of contract claim against Defendant. (ECF No. 27). The court then entered judgment, including for damages in the amount of $765,016.80. (ECF No. 28). Defendant filed a motion vacate judgment on the issue of damages. (ECF No. 30). Plaintiff filed a response in opposition. (ECF No. 31). For the reasons set forth below, the court DENIES the motion to vacate judgment.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." A motion under Rule 59(e) to "alter or amend may be granted if there is a clear error of law, ... newly discovered evidence, ... an intervening change in controlling law, ... or to prevent manifest injustice."

GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Motions of this kind are not an appropriate vehicle for raising new facts or arguments. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration"). Granting a motion to amend or alter a judgment has been described as "an extraordinary remed[y] reserved for the exceptional case." Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). For this reason, such motions should be granted sparingly. U.S. ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1998). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 617 (6th Cir. 2010). Evidence was previously available if it could have been discovered "with reasonable diligence" prior to the judgment. HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 614-15 (6th Cir. 2012).

Federal Rule of Civil Procedure 60(b)(1) permits the court to relieve a party from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." Id. Relief may be granted under Rule 60(b)(1) "in only two situations: (1) when a party has made an excusable mistake or an attorney

has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).

The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

## III. ANALYSIS

Under Michigan law, if an indemnitor has notice of an action and declines the opportunity to defend it, the general rule is that the indemnitor will be bound by any reasonable, good faith settlement the indemnitee might thereafter make. Grand Trunk W. R.R. v. Auto Warehousing Co., 262 Mich. App. 345, 353 (2004). Here, there is no question that Defendant was put on notice of the loss prior to the Plaintiff settling the claim with Tesla. (ECF No. 31-2, June 6, 2022 Letter between SVB and RPM). RPM would only need to prove actual liability if it settled the claim with Tesla before seeking the

approval of or tendering the defense to SVB. See Grand Trunk W. R.R., 262 Mich. App. at 354-55 ("[I]f an indemnitee settles a claim against it before seeking the approval of, or tendering the defense to, the indemnitor, then the indemnitee must prove its actual liability to the claimant to recover from the indemnitor."). Plaintiff placed Defendant on notice of the loss before making the payment to Tesla, and Defendant denied Plaintiff's demand to defend or indemnify Plaintiff for the Tesla Megapack damage. As noted in the June 22, 2022 letter, notice of the loss was communicated to Defendant on March 7, 2022. (ECF No. 31-2, PageID.285). On June 6, 2022, Defendant informed Plaintiff of its refusal to defend or indemnify Plaintiff. Approximately six months later, on December 14, 2022, that Plaintiff paid Tesla $765,016.80 for the Tesla Megapack that was damaged while in Defendant's possession. (ECF No. 31-3, Affidavit of Colleen Collins; ECF No. 31-4, Claims Credit Note).

As Defendant acknowledges, the indemnitee who has settled a claim need show only potential liability if the indemnitor had notice of the claim and refused to defend. Grand Trunk Western R.R., 262 Mich. App. at 354-55; Ford v. Clark Equip. Co., 87 Mich. App. 270, 276–278 (1978). Defendant argues that potential liability requires a showing that the indemnitee acted

reasonably in settling the underlying suit. As explained in Grand Trunk Western R.R.,

> Potential liability actually means nothing more than that the indemnitee acted reasonably in settling the underlying suit. The reasonableness of the settlement consists of two components, which are interrelated. The fact finder must look at the amount paid in settlement of the claim in light of the risk of exposure. The risk of exposure is the probable amount of a judgment if the original plaintiff were to prevail at trial, balanced against the possibility that the original defendant would have prevailed. If the amount of the settlement is reasonable in light of the fact finder's analysis of these factors, the indemnitee will have cleared this hurdle.

Id. at 355-56 (quoting Ford, 87 Mich. App. at 277-78).

Defendant argues that Plaintiff did not provide any argument or analysis showing that the settlement was reasonable and the court conducted no analysis balancing the amount of the settlement against the risk of exposure to find that there was no genuine issue of material fact that the amount sought by Plaintiff was a reasonable settlement. However, Plaintiff specifically moved, in its summary judgment motion, for damages in the amount of $765,016.80 and argued that there was no genuine issue of material fact in this regard. (ECF No. 20, PageID.126-127). Defendant chose not to dispute the amount of damages in its response to the motion for

summary judgment or its supplemental brief. (ECF Nos. 22, 23-1). Only now does Defendant seek to do so by arguing that Plaintiff did not show that the settlement was reasonable and court conducted no analysis balancing the amount of the settlement against the risk of exposure to find that there was no genuine issue of material fact that the amount sought by Plaintiff was a reasonable settlement. (ECF No. 30, PageID.270).

Importantly, as the Sixth Circuit "has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008); see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). The Sixth Circuit has "found issues to be waived when they are raised for the first time in motions requesting reconsideration." Hurst v. Lilly Co., No. 3:15-CV-455-TAV-HBG, 2017 WL 5180434, at *3 (E.D. Tenn. Nov. 8, 2017) (quoting Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008); see also Am. Meat Inst. v. Pridgeon, 724 F.2d 45, 47 (6th Cir. 1984) (finding an issue raised for the first time in a motion for reconsideration "effectively waived").

The court concludes, therefore, that Defendant cannot use its Rule 59(e) motion to now raise a dispute regarding Plaintiff's damages where it

could have and should raised this issue in its opposition to Plaintiff's motion for summary judgment, which specifically sought damages in the amount of $765,016.80. The court also finds, for these same reasons, that Defendant has not established that the court made a substantive mistake of law or fact under Rule 60(b)(1). Similarly, the court finds no manifest injustice where Plaintiff moved for summary judgment on damages and Defendant did not dispute the amount of damages in response. Defendant's motion is, therefore, denied.

## IV. CONCLUSION

For the reasons set forth above, the court DENIES Defendant's motion under Rule 59(e) and 60(b)(1).

SO ORDERED.

Dated: August 14, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge